**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| I.O.B. REALTY, INC., *and* | ) | |
| Mr. Isa Brija, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-2776 |
| | ) | |
| PATSY'S BRAND, INC., | ) | JURY TRIAL REQUESTED |
| PATSY'S ITALIAN RESTAURANT, INC., | ) | |
| *and* JOHN DOES 1 - 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

### Demand for Jury Trial

1.     The Plaintiffs, I.O.B. Realty, Inc., and Mr. Isa Brija, demand a trial by jury and for their complaint allege as follows.

### The Parties

2.     The Plaintiff, I.O.B. Realty, Inc. (hereafter, the "Plaintiff" or "I.O.B. Realty"), is a corporation organized and operating under the laws of the State of New York and has a principal place of business at 2287 First Avenue, New York, New York 10035.  I.O.B. Realty owns the common-law mark PATSY'S PIZZERIA for use in restaurant services and franchising services and U.S. Trademark Application Numbers 76/649,149 and 77/086,491 for this mark for these respective services.  (Exhibits 1 and 2.)

3.     The Plaintiff, Mr. Isa Brija (hereafter, Mr. Brija), is an individual and sole shareholder of I.O.B. Realty and has a principal place of business at 2287 First Avenue, New York, New York 10035.  Mr. Brija owns the common-law mark PATSY'S for use with

ovens and U.S. Trademark Application Number 86/359,076 for the mark PATSY'S for ovens. (Exhibit 3.)

4.     The Defendant, Patsy's Brand, Inc. (hereafter, "Defendant" or "Patsy's Brand"), is a corporation organized and operating under the laws of the State of New York.  Patsy's Brand has a principal place of business at 256 West 56th Street, New York, New York 10019.  Patsy's Brand operates a restaurant in this Judicial District.

5.     Patsy's Brand uses, or purports to own and permit others to use to its benefit, Application No. 85/406,189 for the mark PATSY'S ITALIAN RESTAURANT, the mark PATSY'S OF NEW YORK ITALIAN RESTAURANT, Registration No. 3,090,551 for the mark PATSY'S OF NEW YORK for restaurant services, and Registration No. 1,874,789 for the mark PATSY'S PR SINCE 1944 (Stylized) for sauces.  Patsy's Brand conducts business in this Judicial District under these marks or purports to permit others to conduct business in this Judicial District under these marks.  Patsy's Brand owns the registered mark PATSY'S OF NEW YORK for restaurant services and the registered mark PATSY'S PR SINCE 1944 (Stylized) for sauces.  (Exhibits 4 and 5.)

6.     The Defendant, Patsy's Italian Restaurant, Inc. (hereafter, "Defendant" or "PIR"), is a corporation organized and operating under the laws of the State of New York.  PIR has a principal place of business at 256 West 56th Street, New York, New York 10019.  PIR operates a restaurant in this Judicial District.

7.     PIR uses at least the trademarks PATSY'S ITALIAN RESTAURANT, PATSY'S OF NEW YORK ITALIAN RESTAURANT, PATSY'S OF NEW YORK and PATSY'S PR SINCE 1944 (Stylized) for restaurant services and conducts business in this Judicial District under these marks.

8.      The Defendants are affiliated with one another.

9.      Upon information and belief, the Defendants are under common ownership and control, including interlocking boards of directors.

10.     Upon information and belief, the Defendants all maintain the same principal place of business.

11.     The Defendants Does 1 through 5 are, upon information and belief, individuals who reside and/or conduct business within this Judicial District.  Further, Does 1 through 5 are directly and personally contributing to, inducing others to use, and engaging in the use of the Defendants' marks as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendants.  The Plaintiff is presently unaware of the true names of Does 1 through 5.  The Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

12.     The Defendants Does 6 through 10 are business entities which, upon information and belief, reside in and/or conduct business within this Judicial District.  Moreover, Does 6 through 10 are, upon information and belief, directly engaging in the use of the Defendants' marks as alleged herein as partners, business associates, collaborators, or suppliers to the named Defendants.  The Plaintiff is presently unaware of the true names of Does 6 through 10.  The Plaintiff will amend this Complaint upon discovery of the identities of such defendants.

**Jurisdiction and Venue**

13.     This action arises under the trademark and unfair competition laws of the United States of 15 U.S.C. §§ 1119, 1121, and 1125 *et seq*.

14.     Jurisdiction of this Court is founded upon 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 (a) and (b), 2201, and 2202.

15.     The Court has personal jurisdiction over the Defendants because they each reside in this Judicial District, engage in wrongful acts in this Judicial District, and transact business in this Judicial District.

16.     Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c) since the Defendants are corporations that conduct business activities within this Judicial District. Furthermore, venue is appropriate since a substantial portion of the acts giving rise to this case occurred within this Judicial District.

### Nature of Action

17.     This matter is an action for a declaratory judgment of statutory and common-law trademark non-infringement and a claim of tortious interference with prospective economic opportunities.  The Defendants in this Judicial District engage in "trademark bullying" in retaliation against each Plaintiff, the Plaintiffs' businesses, and the Plaintiffs' lawful use and registration of their trademarks.

18.     I.O.B. Realty exclusively licenses its franchisees to use its unregistered trademark PATSY'S PIZZERIA in the promotion of its and the franchisees' authorized services.  Mr. Brija exclusively licenses an oven manufacturer to use his unregistered trademark PATSY'S for ovens and specifically for pizzeria ovens for use in pizzerias.

19.     Patsy's Brand and PIR each knowingly or intentionally misrepresented, intimidated, or molested each Plaintiff or otherwise acted maliciously against one or more of the trademarks of each Plaintiff so as to interfere wrongfully with each or all of the trademarks and, specifically, the registration of each or all of the trademarks for the sole purpose of harming the Plaintiffs.  These wrongful acts were independent torts or predatory acts, and the results of the

Defendants' improper interference with economic opportunity caused actual damages to be suffered by each Plaintiff.

20.     The mark PATSY'S PIZZERIA has been in continuous use by I.O.B. Realty and its predecessors for restaurant services since 1933.  I.O.B. Realty licenses this mark for use in restaurant services, including to its franchisees of Patsy's Pizzerias.  I.O.B. Realty has expended considerable sums of money as well as the time and effort of its employees and agents in association with its restaurant services and franchising services, as well as its use of the mark PATSY'S PIZZERIA.

21.     I.O.B. Realty brought a motion before Judge Reyes regarding, among other issues, the Defendants' use of the mark PATSY'S OF NEW YORK as being in contempt of Judge Reyes' Order that the Defendants were to use the mark PATSY'S ITALIAN RESTAURANT.  Judge Reyes dismissed the contempt motion but re-emphasized that his Order was that Patsy's Pizzeria was to use the mark PATSY'S PIZZERIA for its pizzeria services and the Defendants were to use the mark PATSY'S ITALIAN RESTAURANT for their restaurant services.  (Exhibit 6, Civil action 1:06-cv-00729-RER Dkt. 282 tr. of January 6, 2015, Hearing p. 28 at lines 19-25.)

22.     The mark PATSY'S has been in use by Mr. Brija and his businesses and franchisees for ovens since about 2015.  Mr. Brija licenses this mark for use with ovens, which are for sale to pizzerias, including to the Patsy's Pizzeria franchisees.  Mr. Brija has expended considerable sums of money as well as the time and effort of his agents in associating the trademark to the ovens sold and offered for sale under this mark to pizzerias.

23.     None of the Defendants manufactures, sells, or markets ovens.  None of the

Defendants licenses either of the trademarks PATSY'S PR SINCE 1944 (Stylized) or PATSY'S

OF NEW YORK for use with ovens.

24.     I.O.B. Realty previously obtained and owned the now-canceled U.S. Trademark

Registration Number 2,213,574 for the mark PATSY'S PIZZERIA.  The Defendants' counsel,

Mr. Norman Zivin, engaged in "shenanigans" with the Trademark Office, which resulted in the

cancellation of this mark.  Judge Dora L. Irizarry of the Eastern District of New York took

Patsy's Brand's counsel, Mr. Zivin, to task for his representations to her and to the Trademark

Office as having a "very important omission," and as being "misleading," and "unconscionable."

(Exhibit 7, tr. from Civil Action 1:06-cv-00729-RER of Hearing of November 7, 2006, p. 8 at

line 2, p. 10 at lines 20-22, p. 11 at lines 7 and 21, and p. 16 at line 23 to p. 17 at line 7.)  Judge

Irizarry ordered the Trademark Office to restore this registration on August 28, 2007.  (*See* Civil

Action 1:06-cv-00729-RER Dkt. 55 at p. 42.)  The U.S. Patent and Trademark Office chose to

delay restoring the registration at that time and await the final conclusion of the dispute.  Upon

information and belief, Mr. Zivin is John Doe number 1 in the act of tortious interference with

economic opportunity.

25.     The wrongful misrepresentation of the Defendants' counsel and agent, Mr. Zivin,

enabled Patsy's Brand to obtain U.S. Trademark Registration Number 3,090,551 for the mark

PATSY'S OF NEW YORK.

26.     Patsy's Brand uses each of the marks PATSY'S PR SINCE 1944 (Stylized) and

PATSY'S OF NEW YORK in this Judicial District and asserts each of these marks against the

use and against the registration by the Trademark Office of Mr. Brija's mark PATSY'S for ovens

as being "likely to cause confusion, mistake or deception" in view of the Defendants' PATSY'S

PR SINCE 1944 (Stylized) and PATSY'S OF NEW YORK marks. (Exhibit 8, Notice of Opposition Number 91/221,726.)

27. The continued existence of the Patsy's Brand registration for the mark PATSY'S OF NEW YORK blocks registration by the Trademark Office of (1) I.O.B. Realty's two pending applications for the mark PATSY'S PIZZERIA for restaurant services and franchising services and (2) Mr. Brija's pending application for the mark PATSY'S for ovens. The continued existence of the Patsy's Brand registration for the mark PATSY'S PR SINCE 1944 (Stylized) is also used to block registration of Mr. Brija's pending application for the mark PATSY'S for ovens. The lack of registrations for the marks PATSY'S PIZZERIA and PATSY'S harms the ability of I.O.B. Realty and Mr. Brija to acquire franchisees and expand the franchising of its pizzerias.

**COUNT ONE**
**Declaratory Judgment of Non-Infringement of the**
**Mark PATSY'S for Use with Ovens**

28. I.O.B. Realty repeats and re-alleges the allegations in paragraphs 1 through 27 above as though fully set forth herein.

29. Each Defendant has brought civil and administrative actions against the Plaintiffs regarding alleged trademark rights asserted by the Defendants.

30. Patsy's Brand currently asserts Registration No. 1,874,789 for the mark PATSY'S PR SINCE 1944 (Stylized) against the Plaintiffs' use and registration of Mr. Brija's Application No. 86/359,076 for the mark PATSY'S for ovens as being "likely to cause confusion, mistake or deception" in view of the Defendants' use of the PATSY'S PR SINCE 1944 (Stylized).

31.     None of the Defendants manufactures, sells, or markets ovens.  None of the Defendants licenses the trademark PATSY'S PR SINCE 1944 (Stylized) for use with ovens.

32.     The differences between the Defendants' goods of sauces and the Plaintiff's goods of ovens are sufficient to prevent any likelihood of confusion between the respective marks.

33.     The Plaintiffs have a reasonable apprehension of litigation by the Defendants over the Defendants' assertions of a likelihood of confusion between the respective marks.

34.     The Plaintiffs each ask the Court to issue a declaratory judgment that the mark PATSY'S for use with ovens does not, either statutorily or under common law, infringe the Defendants' mark PATSY'S PR SINCE 1944 (Stylized) for sauces.

**COUNT TWO**
**Declaratory Judgment of Non-Infringement of the**
**Mark PATSY'S for Use with Ovens**

35.     I.O.B. Realty repeats and re-alleges the allegations in paragraphs 1 through 34 above as though fully set forth herein.

36.     Each Defendant has brought civil and administrative actions against the Plaintiffs regarding alleged trademark rights asserted by the Defendants.

37.     Patsy's Brand currently asserts the mark PATSY'S OF NEW YORK against the Plaintiffs' use and registration of Mr. Brija's mark PATSY'S for ovens as being "likely to cause confusion, mistake or deception" in view of the Defendants' use of the PATSY'S OF NEW YORK mark.

38.     None of the Defendants manufactures, sells, or markets ovens.  None of the Defendants licenses the trademark PATSY'S OF NEW YORK for use with ovens.

39.     The differences between the Defendants' restaurant services and the Plaintiff's goods of ovens are sufficient to prevent any likelihood of confusion between the respective marks.

40.     The Plaintiffs have a reasonable apprehension of litigation by the Defendants over the Defendants' assertions of a likelihood of confusion between the respective marks.

41.     The Plaintiffs each ask the Court to issue a declaratory judgment that the mark PATSY'S for use with ovens does not, either statutorily or under common law, infringe the Defendants' mark PATSY'S OF NEW YORK for restaurant services.

## COUNT THREE
### Tortious Interference with Prospective Economic Opportunities

42.     I.O.B. Realty repeats and re-alleges the allegations in paragraphs 1 through 41 above as though fully set forth herein.

43.     Patsy's Brand and PIR each knowingly or intentionally misrepresented, intimidated, or molested each Plaintiff or otherwise acted maliciously against the Plaintiffs' PATSY'S PIZZERIA mark for restaurant services and franchising services and/or the PATSY'S mark for ovens.  These acts were conducted so as to interfere wrongfully with the use and/or registration of one or both of these trademarks.

44.     The acts were conducted for the sole purpose of harming either or both of the Plaintiffs.

45.     These wrongful acts were independent torts or predatory acts and the results of the Defendants' improper interference with economic opportunity caused actual damages to be suffered by each Plaintiff.  The actual damage caused to the Plaintiffs as of February 16, 2018, was between $2,166,450 and $5,185,050 and has grown since that date.

**Prayer for Relief**

I.O.B. Realty and Mr. Brija request the Court for the following relief:

A.      That an award of judgment be granted to I.O.B. Realty and/or Mr. Brija on all counts of this Complaint;

B.      That the Defendants, their agents, servants, employees, successors, attorneys and assigns, and all others in active concert or participation with the Defendants, be enjoined and restrained on a permanent basis from interfering with the use or registration of either or both of the Plaintiffs' respective marks;

C.      That an Order be issued to the U.S. Patent and Trademark Office directing the registration of the marks of U.S. Application Numbers:

(i)      76/649,149 for the mark PATSY'S PIZZERIA for restaurant services;

(ii)      77/086,491 for the mark PATSY'S PIZZERIA for franchising services; and

(iii)      86/359,076 for the mark PATSY'S for ovens;

D.      That Patsy's Brand and PIR be required to file with the Court and to serve on I.O.B. Realty within thirty (30) days after entry of the Court's order, a written report under oath setting forth the manner and form in which the Defendants complied with the Court's order;

E.      That I.O.B. Realty be awarded compensatory damages in an amount to be determined at trial;

F.      That I.O.B. Realty be awarded the maximum enhanced and/or punitive damages and other damages allowed by law;

G.      That I.O.B. Realty recover costs, including its reasonable attorney fees and disbursements in this action;

H.    That I.O.B. Realty have pre-judgment and post-judgment interest on all amounts awarded in this action; and

I.    That I.O.B. Realty be granted such other and further relief as this Court deems just and proper.

Respectfully submitted,


_March 28, 2019_____                    /s/  Boris Kogan_____
Date                                        Boris Kogan
                                            BORIS KOGAN & ASSOCIATES
                                            277 Broadway, Suite 701
                                            New York, New York  10007
                                            Telephone 212-625-8910
                                            Facsimile (212) 219-2728
                                            bk@boriskogan.com
                                            bkoganesq@aol.com
                                                    *and*
                                            Paul Grandinetti
                                            LEVY & GRANDINETTI
                                            1120 Connecticut Avenue, N.W., Suite 304
                                            Washington, D.C. 20036
                                            Telephone (202) 429-4560
                                            Facsimile (202) 429-4564
                                            mail@levygrandinetti.com
                                            *To Be Admitted Pro Hac Vice*