UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:                           │
│ DATE FILED:  4/30/2020           │
└─────────────────────────────────┘
```

I.O.B. REALTY, INC., and MR. ISA BRIJA,

                 Plaintiffs,

      -against-

PATSY'S BRAND, INC., PATSY'S ITALIAN
RESTAURANT, INC., and JOHN DOES 1-10,

                 Defendants.

19 Civ. 2776 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       Plaintiffs, I.O.B Realty, Inc. ("I.O.B.") and Isa Brija, a New York corporation and its sole shareholder, bring this action against Defendants, Patsy's Brand, Inc. ("Patsy's Brand"), Patsy's Italian Restaurant, Inc., and John Does 1-10, seeking a judgment declaring that Plaintiffs' licensing of the unregistered trademark PATSY's to a manufacturer of pizzeria ovens does not infringe on Defendants' trademarks. Compl. ¶¶ 29–44, ECF No. 26. Defendants move to dismiss the complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). ECF No. 46. In the alternative, they move to strike certain allegations from the complaint under Federal Rule of Civil Procedure 12(f). *Id.* For the reasons stated below, Defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

## BACKGROUND

       The following facts are taken from the complaint and are presumed to be true for the purposes of considering Defendants' motion. *See Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (in resolving a motion to dismiss for lack of subject matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff" (internal quotation marks and citation omitted)). I.O.B. owns the common-

law mark PATSY'S PIZZERIA for use in restaurant and franchising services.  Compl. ¶ 2.  Brija

owns the common-law trademark PATSY'S for use with ovens and has filed an application with

the United States Patent and Trademark Office (the "USPTO") to register the trademark.  *Id.* ¶ 3*;*

*see also* ECF No. 1-1.

Patsy's Brand "uses, or purports to own" the marks PATSY'S ITALIAN

RESTAURANT, PATSY'S OF NEW YORK ITALIAN RESTAURANT, and PATSY'S PR

SINCE 1944 (Stylized).  Compl. ¶ 5.  At the USPTO's Trademark Trial and Appeal Board (the

"TTAB"), Patsy's Brand has opposed I.O.B.'s application to register the trademark PATSY'S for

ovens, on the ground that it is "likely to cause confusion, mistake or deception."  *Id.*  ¶ 28; Def.

Mem. at 5–6, ECF No. 47.

## DISCUSSION

I.   Legal Standard

A.   Subject Matter Jurisdiction

"A claim is 'properly dismissed for lack of subject matter jurisdiction under Rule

12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'"

*Halo Lifestyle LLC v. Halo Farm, Inc.*, No. 18 Civ. 9459, 2019 WL 1620744, at *2 (S.D.N.Y.

Apr. 16, 2019) (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)).   Under

the Declaratory Judgment Act, where there is "a case of actual controversy . . . any court of the

United States" has jurisdiction to "declare the rights and other legal relations of any interested

party."  28 U.S.C. § 2201(a).  An actual controversy is one where "the facts alleged, under all the

circumstances, show that there is a substantial controversy between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

*MedImmune, Inc. v. Greentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotation marks and citation omitted).

"In resolving a motion to dismiss for lack of subject matter jurisdiction, the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff, but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Halo Lifestyle*, 2019 WL 1620744, at *2 (internal quotation marks, citations, and alterations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 F.App'x 24, 27 (2d Cir. 2011). When determining whether a plaintiff has met this burden, the Court may consider evidence outside the pleadings, such as affidavits and exhibits. *See Makarova*, 201 F.3d at 113. In trademark cases, the Court may also consider papers filed in administrative proceedings before the USPTO that relate to the pleadings. *LCS Grp., LLC v. Shire LLC*, No. 19 Civ. 2688, 2019 WL 1234848, at *2 n.1 (S.D.N.Y. Mar. 8, 2019).

B. The Declaratory Judgment Act

The threshold question for the Court is whether Plaintiffs present "a case of actual controversy." *MedImmune*, 549 U.S. at 127. Where a plaintiff seeks a declaratory judgment of non-infringement of a defendant's trademarks, no actual case or controversy exists unless the plaintiff can show that the defendant sought or threatened to seek to prohibit plaintiff's use of its mark. *See Topp-Cola Co. v. CocaCola Co.*, 314 F.2d 124, 125 (2d Cir. 1963).

It is "'well-settled within this Circuit that the existence of a dispute before the TTAB over the registration of a party's mark, on its own, is insufficient to establish sufficient adversity for the purposes of a declaratory judgment action.'" *Halo Lifestyle*, 2019 WL 1620744, at *3

3

((quoting *1-800-Flowers.com, Inc. v. Edible Arrangements, LLC*, 905 F. Supp. 2d 451, 454

(E.D.N.Y. 2012) (collecting cases)); *see also Vina Casa Tamaya S.A. v. Oakville Hills Cellar,*

*Inc.*, 784 F. Supp. 2d 391, 395–96 (S.D.N.Y. 2011) (dismissing action for declaratory judgment

on ground that cease and desist letter opposing registration and TTAB opposition to registration

did not establish an actionable controversy).  Merely opposing a trademark application before the

TTAB does not amount to "'a substantial controversy . . . of sufficient immediacy and reality to

warrant the issuance of a declaratory judgment.'" *1-800-Flowers.com*, 905 F. Supp. 2d at 456

(quoting *MedImmune*, 549 U.S. at 127).  An opposition proceeding combined with an explicit

threat of suit, however, has been found to be sufficient to establish an actual controversy between

the parties.  *See Classic Liquor Importers, Ltd. V. Spirits Int'l. B.V.*, 151 F. Supp. 3d 451, 457

(S.D.N.Y. 2015) (finding actual controversy where letter sent by defendant was "clearly a threat

of future litigation"); *see also Sasson v. Hachette Filipacchi Presse*, No. 15 Civ. 194, 2016 WL

1599492 at *1 (S.D.N.Y. Apr. 20, 2016) (holding that actual controversy existed where

defendant actually threatened to sue plaintiffs, "leaving the plaintiffs' legal rights uncertain").

II.    Analysis

      Plaintiffs' claims do not present "a case of actual controversy."  *See MedImmune*, 549

U.S. at 127.  Where, as here, a plaintiff seeks a declaratory judgment of non-infringement of the

defendant's trademarks, no actual case or controversy exists unless the plaintiff can show that the

defendant sought or threatened to seek to prohibit plaintiff's use of its mark.  *See Topp-Cola Co.*,

314 F.2d at 125.  Defendants have neither filed suit against Plaintiffs nor threatened to do so, nor

have they engaged in any other activity that would indicate an intention to sue, such as sending a

cease-and-desist letter.  *See generally* Compl.  Plaintiffs argue, however, that although

Defendants have not sued or threatened to sue them, "[i]n actuality, Defendants never

'covenanted' not to sue the Plaintiffs for infringement." Pl. Opp. at 23, ECF No. 63. A party's refusal to sign a covenant not to sue, however, is not considered an imminent threat of suit. *Microsoft Corp. v. DataTern,Inc.*, 755 F.3d 899, 906 (Fed. Cir. 2014) ("[R]efusal to grant a covenant not to sue is not sufficient to create an actual controversy." (internal quotation marks, citation, and alterations omitted)); *see also Sasson*, 2016 WL 1599492 at *5 ("[T]he refusal to covenant not to sue could not, on its own, establish declaratory judgment jurisdiction because it was not [preceded] by a threat of suit."). Defendants do not have an obligation "to make a definitive determination, at the time and place of the competitors' choosing, that it will never bring an infringement suit." *Microsoft Corp.*, 755 F.3d at 906 (internal quotation marks and citation omitted).

The only substantive action Patsy's Brand has taken with respect to Plaintiffs' use of the mark PATSY'S for ovens is to oppose its registration before the TTAB. *See* Compl. ¶ 28; Pl. Opp. at 17. In that proceeding, Patsy's Brand argued that the mark PATSY'S for ovens is likely to cause "confusion, mistake or deception" in view of "Defendants' PATSY'S PR SINCE 1944 (Stylized) and PATSY'S OF NEW YORK marks." Compl. ¶ 28. Because such assertions merely set forth the relevant likelihood of confusion standard for registration proceedings before the TTAB, courts have found that such statements, "without more," do not "constitute an indirect threat of an infringement suit." *Progressive Apparel Grp., Inc. v. Anheuser-Busch, Inc.*, No. 95 Civ. 2794, 1996 WL 50227, at *2 (S.D.N.Y. Feb. 8, 1996).

Plaintiffs also allege that Defendants have pursued "an aggressive policy of trademark litigation" against them for several years. Compl. ¶ 26. This includes allegations that Defendants' former counsel engaged in "shenanigans" with the USPTO which resulted in the cancellation of a different mark, as well as surveillance activities regarding Plaintiffs' use of the

PATSY'S mark on ovens before such use was known to the public.  *Id.* ¶¶ 24, 27.  These allegations are also insufficient to demonstrate that a substantial controversy exists between the parties, "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (internal quotation marks and citation omitted).  The previous lawsuits and TTAB actions cited by Plaintiffs in their complaint concern trademarks and trademark applications different from the one at issue here.

Plaintiffs cite *Sasson* and *Classic Liquor Importers* in support of their claim that the parties' litigation history is sufficient to demonstrate an impending threat of suit.  Pl. Opp. at 14–17.  But these cases are distinguishable; in each the court held that there was an actual controversy because actions taken by Defendant were "clearly a threat of future litigation." *Classic Liquor Importers*, 151 F. Supp. 3d at 457; *see also Sasson*, 2016 WL 1599492 at *1. Defendants have taken no such actions here.  Plaintiffs cannot merely point to their long and litigious history to meet their burden of demonstrating that an actual controversy exists.  *See Halo Lifestyle*, 2019 WL 1620744, at *3 ("Accordingly, absent any allegation that Halo Farm has done more—to wit, that it has threatened Halo Lifestyle with litigation, sent a cease-and-desist letter to Halo Lifestyle, or taken or made statements of a similar character—Halo Lifestyle's claim of a justiciable controversy would fall short.").

Because Plaintiffs' allegations do not establish an actual case or controversy, the Court lacks subject matter jurisdiction to hear this action and dismisses the case without prejudice.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016) ("[W]ithout jurisdiction, the district court lacks the power to adjudicate the merits of the case.").  The Court, therefore, does not reach Defendants' motions to dismiss the complaint for failure to state a claim under

Federal Rule of Civil Procedure 12(b)(6) or to strike certain portions of the complaint under

Federal Rule of Civil Procedure Rule 12(f).

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss this action for lack of subject

matter jurisdiction is GRANTED, and the complaint is dismissed without prejudice.  The Clerk

of Court is directed to terminate the motion at ECF No. 46 and close this case.

SO ORDERED.

Dated:  April 30, 2020
        New York, New York

_____
    ANALISA TORRES
    United States District Judge