```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
I.O.B. REALTY, INC., and MR. ISA BRIJA,

                        Plaintiffs,

        -against-

PATSY'S BRAND, INC., PATSY'S ITALIAN
RESTAURANT, INC., and JOHN DOES 1-10,

                        Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/13/2021
```

19 Civ. 2776 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendants, Patsy's Brand, Inc. and Patsy's Italian Restaurant, Inc., (together, "Patsy's"), seek to recover attorney's fees and costs from Plaintiffs, I.O.B. Realty, Inc. and Isa Brija, pursuant to 15 U.S.C. § 117(a).  ECF No. 138.  The Court referred the motion to the Honorable Kevin Nathaniel Fox for a Report and Recommendation ("R&R").  ECF No. 142.  On September 13, 2020, Judge Fox issued an R&R recommending that Defendants' motion be denied.  R&R at 32, ECF No. 153.  Now before the Court are Defendants' objections to the R&R.  Def. Obj., ECF No. 154.  For the reasons stated below, Defendants' objections are OVERRULED and the R&R is ADOPTED.

### BACKGROUND[1]

The parties to this action have a highly adversarial history, dating back to 1999.  R&R at 24–25; *see* Def. Obj. at 6–7.  This most recent action concerns ownership of the trademark "PATSY'S" for use on ovens.  R&R at 1.  On April 29, 2015, Defendants opposed Plaintiffs' application to register the mark at the United States Patent and Trademark Office Trademark

---

[1] The Court presumes familiarity with the facts and procedural history as set forth in the R&R, *see* R&R at 1–3, and this Court's April 30, 2020 order, ECF No. 131, but will reiterate some key factual allegations here.  Because the parties have not objected to the R&R's characterization of the facts, the Court adopts the R&R's "Procedural Background" section.  *See Roberts ex rel. Phillip v. Happiness Is Camping, Inc.*, No. 10 Civ. 4548, 2012 WL 844331, at *1 (S.D.N.Y. Mar. 13, 2012).

Trial and Appeal Board (the "TTAB"). *Id.* at 3; ECF No. 1-8 at 2. On March 28, 2019, Plaintiffs brought suit for trademark infringement and unfair competition and sought a declaratory judgment of non-infringement as to the mark "PATSY'S" for use with ovens. R&R at 1; ECF No. 1. Defendants moved to dismiss for lack of subject matter jurisdiction because Plaintiffs had not alleged enough facts to create a case or controversy. R&R at 2. This Court agreed. *Id.* at 3.

Defendants now move for an order pursuant to 15 U.S.C.A §1117(a) and Fed. R. Civ. P. 54(d), finding this to be an "exceptional case" under the Lanham Act and awarding Defendants reasonable attorneys' fees and costs. R&R at 4. On September 13, 2020, Judge Fox issued an R&R concluding that Defendants' motion should be denied. R&R at 32.

## DISCUSSION

I. <u>Standard of Review</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that

a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (internal quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (internal quotation marks and citation omitted).

II. <u>Defendants' Objections</u>

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). Judge Fox recommends that Defendants' motion for attorney's fees be denied because, despite being the prevailing party, Defendants have not shown that the case was exceptional. R&R at 20, 30. In their objections, Defendants largely reiterate their original arguments, or misconstrue Judge Fox's recommendations. *See generally* Def. Obj.

A. Prevailing Party

"Prevailing party" is consistently defined across federal fee-shifting statutes. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 603 n.4 (2001). A "prevailing party" in a fee-shifting statute is "one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (quoting *Buckhannon*, 532 U.S. at 604).

Judge Fox found that Defendants were the prevailing party because the Court granted their motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction. R&R at 16–20. Because Defendants did not object to this finding, Def. Obj. at 1, the Court reviews the objection for clear error and finds none. *Oquendo*, 2014 WL 4160222, at *2.

    B. Exceptional Case

"Exceptional cases" are those that "stand[] out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). The determination of whether a case is "exceptional" is a "case-by-case exercise of [the district court's] discretion, considering the totality of the circumstances." *Id.*; *4 Pillar Dynasty LLC v. N.Y. & Co.*, 933 F.3d 202, 215–16 (2d Cir. 2019) (noting that the definition of "exceptional case" in *Octane Fitness* applies to Lanham Act cases).

Defendants mischaracterize the law in asserting that Plaintiffs should be deterred from bringing suit "based merely on oppositions filed with the [TTAB]." Def. Obj. at 14. As Judge Fox correctly recognized, Plaintiffs argued that additional factors existed that could create a sufficient controversy.[2] R&R at 25–26; *Halo Lifestyle LLC v. Halo Farm, Inc.*, No. 18 Civ. 9459, 2019 WL 1620744, at *3 (S.D.N.Y. Apr. 16, 2019) ("[A]bsent any allegation that Halo Farm has done more [than file an opposition with TTAB] . . . Halo Lifestyle's claim of a

---

[2] To have subject matter jurisdiction over a declaratory judgment of non-infringement of a defendant's trademark, the plaintiff must show that the defendant sought or threatened to seek to prohibit the plaintiff's use of its mark. *See Topp-Cola Co. v. CocaCola Co.*, 314 F.2d 124, 125 (2d Cir. 1963). A dispute before the TTAB coupled with other factors could lead to a finding that the court has subject matter jurisdiction. *Vina Casa Tamaya S.A. v. Oakville Hills Cellar, Inc.*, 784 F. Supp. 2d 391, 395–96 (S.D.N.Y. 2011); *see Classic Liquor Imps., Ltd. v. Spirits Int'l B.V.*, 151 F. Supp. 3d 451, 457 (S.D.N.Y. 2015).

justiciable controversy would fall short."). Accordingly, the Court agrees with Judge Fox's characterization of Plaintiffs' argument.

Because Plaintiffs alleged a long litigation history between the parties and cited caselaw suggesting that this could warrant a finding of subject matter jurisdiction, Judge Fox determined that Plaintiffs' position was not frivolous. R&R at 25–27. In making this finding, Judge Fox rejected Defendants' contention that Plaintiffs were unreasonable in continuing with their case despite receiving pre-motion letters from Defendants arguing that they did not have subject matter jurisdiction. Def. Mem. at 11, ECF No. 139. Defendants now reiterate this same argument. *See* Def. Obj. at 5–7. Defendants also claim that Judge Fox gave too much weight to Plaintiffs' contention that the parties' prior litigation history could warrant a finding of subject matter jurisdiction. Def. Obj. at 6. However, Judge Fox thoroughly analyzed Plaintiffs' position and found it "not legally unreasonable" because courts in this district have found that factors other than an opposition to a TTAB application could confer subject matter jurisdiction. R&R at 26–27. Judge Fox also correctly found that Plaintiffs did not litigate this case unreasonably in discovery practice, *id*. at 27–28, despite Defendants rearguing that they had. *Compare* Def. Mem. at 5–6, 16, *with* Def. Obj. at 17–18. The Court finds no clear error in Judge Fox's conclusions on these issues. *Wallace*, 2014 WL 2854631, at *1 ("[W]hen a party . . . simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error.). The Court agrees that Plaintiffs' position was not meritless and that they did not engage in unreasonable conduct.

Judge Fox also found that Plaintiffs' seemingly contradictory allegations and inconsistent deposition testimony did not establish that their amended complaint was frivolous or that they were fabricating jurisdiction. R&R at 27. Despite Judge Fox's determination, Defendants again

claim that Plaintiffs' allegations were unreasonable. *Compare* Def. Mem. at 4, 6–7, *with* Def. Obj. at 7–8, *and* Def. Obj. at 16–17. Defendants also reiterate their earlier contention that Plaintiffs attempted to manufacture jurisdiction with these purportedly false claims. *Compare* Def. Mem. at 12–16, *with* Def. Obj. at 9. However, Judge Fox thoroughly analyzed Plaintiffs' allegations and Defendants' arguments in reaching his conclusion. R&R at 5–6, 27. Again, the Court finds no clear error in Judge Fox's determination. *Wallace*, 2014 WL 2854631, at *1.

Defendants argue again that, in not inferring Plaintiffs' allegedly bad faith motivation in bringing suit from circumstantial evidence, Judge Fox committed legal error. *Compare* Def. Mem. at 18, *with* Def. Obj. at 10–11. However, Judge Fox scrutinized the record and found "that the parties have a long history of litigation, as well as a history of accusing one another of improper conduct and harassment" and that Defendants' circumstantial evidence was "self-serving and uncorroborated." R&R at 29.[3] The Court agrees with Judge Fox's determination.

Defendants further misinterpret Judge Fox's recommendation. Defendants object to Judge Fox acknowledging the "long and hard-fought history of litigation between the parties," R&R at 25, because Plaintiffs initiated the most recent suit between the parties, Def. Obj. at 7. Plaintiffs clearly allege lawsuits initiated by both parties from 1999 until 2016, Compl. ¶ 26, ECF No. 26, so this Court finds no error in Judge Fox's characterization of the parties' adversarial history. Defendants further misinterpret Judge Fox's recommendation when they argue that he improperly rejected their allegation that Plaintiffs fabricated facts on the basis that the Court did not make findings on the issue. Def. Obj. at 7. Judge Fox notes, however, that because the Court never considered the issue of fabrication, Plaintiffs could not have concealed

---

[3] Defendants mischaracterize Judge Fox's recommendation when they argue that he overlooked that Plaintiffs moved to dismiss Defendants' appeal in a different case. *See* Def. Obj. at 12; R&R at 7, 29.

it. R&R 27–28. The Court finds no clear error in Judge Fox's findings. *Bailey*, 2014 WL 2855041, at *1.

Because Judge Fox found that this case was not exceptional, attorney's fees were not warranted. R&R at 29–30. Defendants object to this finding, stating that they "are entitled to be compensated for the six-figure sum" spent litigating. Def. Obj. at 15, 18–19. Because Defendants make "conclusory or general objections," the Court reviews the objection for clear error and finds none. *Wallace*, 2014 WL 2854631, at *1.

## CONCLUSION

The Court has reviewed *de novo* those portions of the R&R to which Defendants properly objected and has reviewed the remainder of the R&R for clear error.[4] For the reasons stated above, the Court ADOPTS the R&R in its entirety, and Defendants' motion for attorney's fees and costs is DENIED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: January 13, 2021
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[4] To the extent not discussed above, the Court finds no clear error in the unchallenged portions of the R&R.